**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANGEL ARMANDO ESTRADA-
SALAZAR,

    Defendant - Appellant.

No. 07-1488
(D.C. No. 06-CR-00287-REB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

---

Defendant-Appellant Angel Armando Estrada-Salazar appeals his

conviction of one count of illegal reentry after deportation in violation of 8

U.S.C. § 1326(a)-(b)(2). After Mr. Estrada-Salazar filed a notice of appeal, his

counsel filed a brief and a motion to withdraw pursuant to Anders v. California,

386 U.S. 738, 744 (1967). The court sent Mr. Estrada-Salazar a copy of the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Anders brief and instructions on how to respond. 10th Cir. R. 46.4(B)(2). We then denied his request to send him the complete record, and gave him another opportunity to respond. He has not further responded. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and, after carefully reviewing the record, agree that there is no potentially meritorious issue on appeal. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

The facts are familiar to the parties and we need not restate them here. Mr. Estrada-Salazar pled guilty and was sentenced by the district court to 46 months' imprisonment. Mr. Estrada-Salazar's base offense level was 8 for violation of 8 U.S.C. § 1326; the district court added sixteen levels for a prior deportation after a criminal conviction of an aggravated felony and subtracted three levels for acceptance of responsibility. With a total offense level of 21 and a criminal history level of III, Mr. Estrada-Salazar's Guidelines range was 46 to 57 months. He was sentenced at the bottom of this range.

The Anders brief presents three issues that could arguably support an appeal: (1) whether Mr. Estrada-Salazar's guilty plea was knowing and voluntary under the Fifth Amendment, (2) whether Mr. Estrada-Salazar's sentence of 46 months was substantively reasonable, and (3) whether Mr. Estrada-Salazar received ineffective assistance of counsel under the Sixth Amendment.

The record indicates that Mr. Estrada-Salazar's guilty plea was knowing and voluntary. When questioned, Mr. Estrada-Salazar indicated (1) that he

understood the plea agreement, including the maximum possible sentence, (2) that he knew the judge had discretion in imposing the sentence, (3) that he was waiving certain constitutional rights, and (4) that he agreed that the recitation of the facts in the plea agreement was accurate.  IV R. 10-24.  Mr. Estrada-Salazar further indicated that he had no complaints regarding the performance of his new counsel.  Therefore, nothing in the record leads us to believe that his plea was anything but knowing and voluntary.  See Brady v. United States, 397 U.S. 742, 748 (1970).

The record also indicates that Mr. Estrada-Salazar's sentence of 46 months was procedurally and substantively reasonable.  Nothing suggests that the imposition of sentence was procedurally unreasonable, and given a Guidelines sentence, it is presumptively reasonable.  Rita v. United States, 127 S. Ct. 2456, 2462 (2007).  Furthermore, the district court adequately considered the factors outlined in 18 U.S.C. § 3353(a) and imposed a substantively reasonable sentence. See Gall v. United States, 128 S.Ct. 586, 596-97 (2007); Rita, 127 S. Ct. at 2462-63.  Therefore, there is nothing in the record to support an argument that Mr. Estrada-Salazar's sentence is unreasonable.

Finally, any ineffective-assistance-of-counsel claim based on Mr. Estrada-Salazar's allegations regarding his initial counsel should be brought in a collateral proceeding to the extent it involves facts outside the record.  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  Here, any ineffective assistance

of counsel claim would involve facts not in the record. We conclude that there is not a sufficient record to overcome the presumption that an ineffective assistance of counsel claim should be dismissed.

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge